IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| John Singletary, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 1:22-4147-BHH |
| v. ) | |
| ) | **ORDER** |
| Aiken County Code Enforcement ) | |
| Division; Rodney Cooper; Page Bayne; ) | |
| Bradley Weimer; Chad Alexander; and ) | |
| others to be named, ) | |
| ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the Court upon Plaintiff John Singletary's ("Plaintiff") pro se action brought against Defendants Aiken County Code Enforcement Division ("Code Enforcement"); Code Enforcement Inspector, Rodney Cooper ("Cooper"); Code Enforcement Director, Page Bayne ("Bayne"); Code Enforcement Deputy Director, Bradley Weimer ("Weimer"); Aiken County Building Official, Chad Alexander ("Alexander"); and Assistant County Administrator, Joel Duke ("Duke") (collectively referred to as "Defendants"). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for initial review.

On January 5, 2023, Magistrate Judge Mary Gordon Baker filed a proper form order instructing Plaintiff to bring the case into proper form by January 26, 2023. She also filed a report and recommendation ("Report"), analyzing the pending motions–Plaintiff's motion for expedited hearing and request for injunction (ECF No. 2); Defendants' motion to dismiss

(ECF No. 5); and Defendants' motion to remand (ECF No. 6).  Specifically, in her Report, the Magistrate Judge explained that the case remains under initial review at this time, and the action is not yet in proper form.  Accordingly, the Magistrate Judge recommends that the Court dismiss without prejudice Defendants' motion to dismiss, with leave to re-file the motion if the Court authorizes service in this case.  In her Report, the Magistrate Judge further clarified that the instant action does not incorporate the County's pending state court action or reflect a proper removal of the same.  As a result, she recommends that the Court dismiss without prejudice Defendants' motion to remand.  Finally, with respect to Plaintiff's motion for an expedited hearing and request for injunction, the Magistrate Judge found all three criteria satisfied to support application of the *Younger* abstention doctrine, and she therefore recommends that the Court deny Plaintiff's motion.

Attached to the Magistrate Judge's Report was a notice advising the parties of the right to file written objections to the Report within fourteen days of being served with a copy.  To date, however, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).  In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a

timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections were filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge's findings and recommendations.

Accordingly, the Court **AFFIRMS** and incorporates the Magistrate Judge's Report (ECF No. 10); the Court **DENIES** Plaintiff's motion for expedited hearing and request for injunction (ECF No. 2); and the Court **DISMISSES** both Defendants' motion to dismiss (ECF No. 5) and motion to remand (ECF No. 6).

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

February 6, 2023
Charleston, South Carolina